Xavier demetri nailing
FULL NAME

COMMITTED NAME (if different)

P.O. Box 904
FULL ADDRESS INCLUDING NAME OF INSTITUTION

AVENAL CA. 93204
Avenal State Prison
PRISON NUMBER (if applicable)

FILED
CLERK, U.S. DISTRICT COURT

MAY 2 2 2018

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

RELATED DDJ

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Xavier D. nailing

PLAINTIFF,

v.

JACKIE LACEY, EVELIS DeGARMO,
BROCK LUNSFORD
DEFENDANT(S).

CASE NUMBER

LA18 CV 04327 - AG (JC)
To be supplied by the Clerk

**CIVIL RIGHTS COMPLAINT**
PURSUANT TO (Check one)

■ 42 U.S.C. § 1983
□ Bivens v. Six Unknown Agents 403 U.S. 388 (1971)

## A. PREVIOUS LAWSUITS

RECEIVED
CLERK, U.S. DISTRICT COURT

MAY 2 1 2018

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

1. Have you brought any other lawsuits in a federal court while a prisoner: ■ Yes   □ No

2. If your answer to "1." is yes, how many? _____Two_____

Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

1. FEDERAL Civil CASE: 1:18-CV-00230-DAD-BAM is a Property related Due Process and Equal Protection Claim. As Well as Disciplinary Proceeding Due Process and Equal Protection Claim. Defendant took evidence of Los Angeles County jail officials violations of inmate civil Rights once Plaintiff in the Above entitled case Filed a CDCR 602 grievence's That as well as his Property/grievence came up missing. Defendant then violated there own interdepartmental Policy of the Mental Health Delivery SYSTEM and a Federal Court order Drived From.     Coleman v. Brown Federal Case.

2. Federal Civil Case: 1:18-CV-00565-LJO-EPG is a Threat to Safety Eight Amendment Civil Rights violation Claim. Defendants interviewed Plaintiff at his Classification Committee and agreed to Falsely brand the Plaintiff a Sex Offender. The Plaintiff's Correctional Case Counselor was Charged with the duty of reviewing case files and records Prior to an agreement of any and all Case Factor's Specialy any Case Factor's that would Place the Plaintiff or the institution in DAnger. Defendant did intact Place a Charge after the Case Factor: Sex that was dismissed and the Charge WAS Not even a Crime of sex: Disorderly Conduct.

CIVIL RIGHTS COMPLAINT

a. Parties to this previous lawsuit:
Plaintiff *Xavier Dmetri Nailing , Xavier Nailing*
*Jr.*

Defendants *T. COTA , R. NDOH, K. BAY, R. TIMENEZ ,*
*F. Feliciano, G. Baker, C. Wade, T. ACTis, B. Keyfauver, Weston Philips*

b. Court *UNited STATES Eastern district Fresno*

c. Docket or case number *1:18-CV-00565-LJO-EPG , 1:18-CV-00230-DAD-BAM*

d. Name of judge to whom case was assigned *Lawrence O'Neill, Barbara A. McAuliffe*

e. Disposition (For example: Was the case dismissed? If so, what was the basis for dismissal? Was it appealed? Is it still pending?) *Both Still Pending*

f. Issues raised: *Threat to Safety , Property and Disciplinary Proceeding*

g. Approximate date of filing lawsuit: *2-15-2018 and 4-26-2018*

h. Approximate date of disposition *unknown*

## B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Is there a grievance procedure available at the institution where the events relating to your current complaint occurred? ☒ Yes   ☐ No

2. Have you filed a grievance concerning the facts relating to your current complaint? ☒ Yes   ☐ No

   If your answer is no, explain why not _____

3. Is the grievance procedure completed? ☐ Yes   ☒ No

   If your answer is no, explain why not *CDCR has No Jurisdiction*

4. Please attach copies of papers related to the grievance procedure.

## C. JURISDICTION

This complaint alleges that the civil rights of plaintiff *Xavier d. Nailing*
(print plaintiff's name)

who presently resides at *AVENAL State Prison P.O. Box 904 Avenal CA. 93204* ,
(mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at
*AVENAL State Prison*
(institution/city where violation occurred)

**CIVIL RIGHTS COMPLAINT**

on (date or dates) _04-12-2018_ , _____ , _____ .
                                         (Claim I)                     (Claim II)                 (Claim III)

**NOTE:** You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1. Defendant _JACKIE LACEY_ resides or works at
   (full name of first defendant)
   _320 West Temple Street Suite 540 Los Angeles, CA. 90012_
   (full address of first defendant)
   _DISTRICT ATTORNEY of Los Angeles_
   (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual ☒ official capacity.

Explain how this defendant was acting under color of law:
_JACKIE LACEY is the District Attorney of the County of Los Angeles_
_a County official, Monroe V. Pape, 365 U.S. 167 (1961)._

2. Defendant _EVELIS M. DE GARMO_ resides or works at
   (full name of first defendant)
   _320 West Temple Street Suite 540 Los Angeles, CA. 90012_
   (full address of first defendant)
   _Habeas Corpus Litigation Team Deputy_
   (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual ☒ official capacity.

Explain how this defendant was acting under color of law:
_EVELIS M. DEGARMO is a Deputy district Attorney for Los Angeles_
_County and is an Official, Monroe V. Pape, 365 U.S. 167 (1961)._

3. Defendant _BROCK LUNSFORD_ resides or works at
   (full name of first defendant)
   _320 West Temple Street Suite 540 Los Angeles, CA. 90012_
   (full address of first defendant)
   _Habeas Corpus Litigation Team Deputy ~~and second capacity~~_
   (defendant's position and title, if any) _and Agent for Defendant DEGARMO_

The defendant is sued in his/her (Check one or both): ☒ individual ☒ official capacity.

Explain how this defendant was acting under color of law:
_BROCK LUNSFORD is Employed by the District Attorneys Office of_
_Los Angeles County and an Official, Monroe V. Pape, 365 U.S. 167 (1961)_

**D. CLAIMS***

CLAIM I

The following civil right has been violated:

14th Amendment Due Process Clause Defendants
Jackie Lacey, Evelts M. DeGarmo, Brock Lunsford Filed a
Subpoena Duces Tecum under the Penalty of Perjury while
Simultaneously Filing a Request to Extention of 55 57
days of time. The Defendants subpoena Duces Tecum
state " THAT THE ABOVE DOCUMENTS ARE MATERIAL TO
THE ISSUES INVOLVED IN THE CASE BY REASON OF
THE FOLLOWING FACTS: NEEDED TO DETERMINE
IF THE DEFENDANT POSES AN UNREASONABLE
RISK TO PUBLIC SAFETY PURSUANT TO A RESENTENCING
PROVIDED BY PENAL CODE SECTION 1170.126"
DEFENDANTS Should Have Known That the Plaintiff
had File a Petition for Writ of Habeas Corpus under
and or P.C § 2900.5, subdivision (a) NOT Proposition 36, Causing
The Plaintiff to be over-detained & FALSELY imprisoned as of 04-21-2018

Supporting Facts: Include all facts you consider important. State the facts clearly, in your own words, and without

citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each

DEFENDANT (by name) did to violate your right.

ON 02/13/2018 Plaintiff sent his Petition to the court in Los Angeles
it was filed on 02/22/2018. On 04/05/2018 the Court, None party
deponet and witness William C. RYAN order The Defendant
to File a informal Response Exhibit A. On 04/12/2018 The
Defendant File A Subpoena Duces Tecum under the penalty of
Perjury and a Request to ~~extention~~ extend time until 06-15-2018.
Exhibit B. On 04/17/2018 Non-party deponet and witness
William C. RYAN order The Defendant extention.
The false Documents that were File are a clear violation
of the LAW That violation Caused The Plaintiff
to be over Detained The courts was unaware That
The Defendants Subpora Duces Tecum was Fraudulent
AS ~~they~~ the defendant file there request for an extention
and ask for some of the same Document most of

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same
outline.*

**CIVIL RIGHTS COMPLAINT**

which do not exist, upon information and belief filed there
57 day extention so to render the Defendant/Plaintiff's
Petition Moot Because Plaintiffs current release from
CDCR is 07-22-2018 Exhibit C. upon Information and
belief Defendant JACKIE LACEY may have instructed, or
directed Defendants BROCK LUNSFORD and Evelis DeGARMO
To falsely file the Subpoena Duces Tecum Due to the
fact that the Plaintiff sent the Defendant JACKIE
LACEY a letter certified mail in 2013 or 2014 Stating that
he is a witness in a case her the Defendants office
was Prosecuting and that Plaintiff had Knowledg that
Sheriff deputy's were directly involved in an Assault and
Sexual Battery, this was at the time That Paul TANAKA
Now a convicted Federal Prisoner was running the
Los Angeles County Jail. Defendant JACKIE LACEY
was made fully Aware by the Plaintiff of the Sheriffs
departments involvement in that inhouse Crime.
ON May 1, 2018 Non-Party DePanet and witness William C.
RYAN DENIED Plaintiffs objection to the Defendants extention
of time and Plaintiffs Notice Motion in amicus Curiae. Exhibit
C. Defendant is the District Attorney and is The County
Prosecuter of Los Angeles Defendants Should have Known
that After Plaintiff was Prosecuted that on 11-17-2016
in Dept 115 Plaintiff at that time a Defendant in case
BA441591 he was Placed on formal Probation and give a
Total of 261 days of custody Credit. ON 07-10-2017 Plaintiff
Plaintiff was only given 226 days of Credit when he was
Sent to Prison after spending and additional 64 days in

(6)

LA County Jail From 05/08/2017 untill his sentencing
on 07-10-2017 is a total of 64 days, 64 days added
to his Presentencing Credits on 11-17-2016 of 261 is
325 Plaintiff/The defendant at that time should have been
given. 325 minus the 226 Credit Plaintiff was given
is 122 days minus 17 days of Post sentencing
Credits is 95 days Plaintiff is owed. Plaintiff's
release date was and is 7-22-2018 at the time the
Defendant informal response ~~was~~ WAS Due 04-20-2018
as of 04-24-2018 Plaintiff became over-incarcerated.
Directly cause by Defendant filing false documents
as of the date of this Civil Rights Complaint the
Plaintiff will be falsely imprisoned for 22 days.
by the End of the Current order Plaintiff will be
over ~~Detane~~ detained and falsely imprisoned for 52
days. The Defendant should have known that by
there action Plaintiff would sustain a Fourteenth
Amendment Due Process Violation.

(7)

## E. REQUEST FOR RELIEF

I believe that I am entitled to the following specific relief:

(1) That this Court enter Judgment granting Plaintiff a declaration that the acts and omission's herein that are described violate the Plaintiff's rights under the United State's Constitution. (2) Compansatory damage's in the amount of $310.00 per day of over-incarceration. (3) That this case be referred to ADR Program.

_05/16/2018_
_(Date)_

_Yair Flail_
_(Signature of Plaintiff)_

(8)

Exhibit A

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**DEPT 100**

| Date: | April 04, 2018 | | | |
|---|---|---|---|---|
| Honorable: | WILLIAM C. RYAN | Judge | S. KADOHATA | Deputy Clerk |
| | NONE | Bailiff | NONE | Reporter |

(Parties and Counsel checked if present)

BH011621
(L.A.S.C. Case No. BA441591)

In re,
XAVIER DMITRI NAILING,          Counsel for Petitioner:

       Petitioner,

On Habeas Corpus          Counsel for Respondent:

Nature of Proceedings: REQUEST FOR INFORMAL RESPONSE (WRIT OF HABEAS CORPUS)

TO THE RESPONDENT, THE PEOPLE OF THE STATE OF CALIFORNIA:

Petitioner Xavier Dmitri Nailing is currently serving a sentence of two years in state prison for second degree robbery. Petitioner is currently serving out his sentence at Avenal State Prison.

On November 17, 2016, Petitioner pleaded guilty to second degree robbery (Pen. Code, § 211). The imposition of his sentence was suspended, and he was placed on formal probation for five years. One of the conditions of probation was that he serve 261 days in county jail. Petitioner was awarded credit for 261 days in custody consisting of 131 days actual custody and 130 days good time/work time.

On July 10, 2017, Petitioner admitted to a violation of probation. Probation was revoked and terminated, and Petitioner was sentenced to two years in state prison. Petitioner was given 226 days of custody credit, consisting of 197 actual days and 29 conduct days. It is unclear from the record why Petitioner was awarded fewer conduct credits at the time he was sentenced to state prison than at the time he was placed on probation.

On February 22, 2018, Petitioner filed the instant petition for writ of habeas corpus. Petitioner contends that he is entitled to additional presentence credits based on the fact that he was awarded 261 days of credit in 2016 when he was placed on probation, but was awarded only 226 days of credit when he received his prison sentence. In support of his contention, Petitioner cites Penal Code section 2900.5. Penal Code section 2900.5, subdivision (a), states that in "all felony and misdemeanor convictions, either by plea or by verdict, when the defendant has been in custody, including, but not limited to, any time spent in a jail, . . . all days of custody of the defendant, including days served as a condition of probation in compliance with a court order . . . shall be credited upon his or her term of imprisonment . . . ."

Accordingly, Respondent is requested to file an informal response addressing the issue of whether Petitioner is entitled to additional presentence credits towards his prison sentence, for the 261 days awarded in 2016, which satisfied a condition of his probation before it was revoked and terminated. Unless otherwise ordered by this court, the informal response shall be filed within 15 days from the date of service of this order. (Cal. Rules of Court, rule 4.551(b)(1).) Petitioner will then have 15 days from the date of service of the informal response to file a reply to the response. (Cal. Rules of Court, rule 4.551(b)(2).) The matter will be deemed submitted following the filing of Petitioner's informal reply, or the 15-day period provided for filing a reply has expired. (Cal. Rules of Court, rule 4.551(b)(3).)

1

| Minutes Entered |
|---|
| 04-04-18 |
| County Clerk |

Exhibit B

Apr/12/2018 10:05:38 AM      ->5593862337

JACKIE LACEY
District Attorney of Los Angeles County
By: BROCK LUNSFORD for EVELIS DEGARMO
Deputy District Attorney
POST-CONVICTION LITIGATION AND DISCOVERY DIVISION
320 W TEMPLE STREET RM. 540
LOS ANGELES, CA  90012
(213) 974-5914

Attorney for Plaintiff

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, <br> Plaintiff, <br><br> v. <br><br> XAVIER D. NAILING, CDCR#: BD-7608 <br><br> Defendants(s). | CASE NO. BA441591 <br><br> *SUBPOENA DUCES TECUM* <br> *APPLICATION FOR* <br> *SUBPOENA DUCES TECUM* <br> *CRIMINAL* |

THE PEOPLE OF THE STATE OF CALIFORNIA TO ROBIN BOCCELLA, CUSTODIAN OF RECORDS,
Avenal State Prison, P.O. Box 8 Avenal, California 93204 fax no. (559) 386-2337.

You are commanded to attend a session of the Superior Court of California, County of Los Angeles, to be held at the CENTRAL DISTRICT, in Department 100, a courtroom, located at 210 W. TEMPLE ST., ROOM 13-307, LOS ANGELES, CA 90012, County of Los Angeles May 2, 2018 at 8:00 a.m., then and there to testify as a witness in this action on the part of Plaintiff and that you then and there produce the documents now in your custody or under your control, described in the copy of the application for subpoena duces tecum attached hereto which is incorporated herein by reference.

You must appear at the time unless you make a special agreement to appear another time, etc., with:

EVELIS DEGARMO, Deputy District Attorney, at phone number (562) 247-2029.

Failure to appear on the date set forth herein or at such other time or upon such notice as may have been agreed to with the party at whose request this subpoena was issued may be punished as contempt by this court.  You may also be liable for the sum of five hundred dollars and all damages to such party resulting from your failure to attend.  (Penal Code Section 1331, 1331.5)

## DISOBEDIENCE OF THIS SUBPOENA MAY BE PUNISHED BY A FINE, IMPRISONMENT, OR BOTH.  A WARRANT MAY BE ISSUED FOR YOUR ARREST IF YOU FAIL TO APPEAR.

DATED: April 12, 2018

Respectfully Submitted,
JACKIE LACEY
District Attorney

By
BROCK LUNSFORD for
EVELIS DEGARMO
Deputy District Attorney

## APPLICATION FOR SUBPOENA DUCES TECUM

STATE OF CALIFORNIA, County of Los Angeles

The undersigned states:  That he/she is attorney of record for the People of the State of California in the above-titled action; that said cause was duly set down for discovery compliance on May 2, 2018 at 08:00 AM, in Department 100 of the above-entitled Court.

That Custodian of Records, ROBIN BOCCELLA has in his/her possession or under his/her control the documents attached to this subpoena duces tecum as Exhibit 1 for the following inmate:

XAVIER DIMITRI NAILING, CDCR NO. BD-7608.

That the above documents are material to the issues involved in the case by reason of the following facts:

Needed to determine if the defendant poses an unreasonable risk to public safety pursuant to a resentencing provided by Penal Code section 1170.126.

Executed April 12, 2018, at LOS ANGELES, California.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Declarant


DECLARATION OF SERVICE

STATE OF CALIFORNIA, County of Los Angeles

I, the undersigned state that:  I served the foregoing subpoena by showing the original and delivering a true copy thereof, together with a copy of the application in support thereof, to each of the following named persons:



I declare under penalty of perjury that the foregoing is true and correct.

Executed _____, at _____, California.

_____
Declarant

EXHIBIT LIST *People v. Xavier Nailing,* Case No. BA441591

INMATE: XAVIER DIMITRI NAILING, CDCR NO. BD-7608

The complete CDC 112 Chronological History;

All the following documents from July 28, 2017 to present:

- Institution Staff Recommendations;
- Abstract of Judgment;
- Court of Appeal Opinion (published or unpublished)
- CDC 804;
- CDC 115 without accompanying 837;
- CDC 128-A;
- CDC 128-G;
- CDC 840 Classification scores;
- CDC 101, Work Report;
- CDC 114-D, except for Placement in Administration Segregation for protective custody or out to court;
- CDC 128-B related to volunteer work, support groups, self-help, general chrono related to laudatory, and any certificates earned and negative behaviors;
- CDC 128-B2; 128-E;
- CDC 812, Notice of Critical Case Information Form;
- CDC 1030;
- CDC 128-C for mental health placement

COPY

1   JACKIE LACEY, District Attorney of Los Angeles County
2   BRIAN SCHIRN, Head Deputy, Post Conviction Litigation & Discovery
    JUDITH PETTIGREW, Deputy-In-Charge
3   EVELIS M. DE GARMO, State Bar No. 186473
    Habeas Corpus Litigation Team
4   320 W. Temple Street, Suite 540
    Los Angeles, California 90012
5   Phone: (562) 247-2029
6   edegarmo@da.lacounty.gov
    Attorneys for Respondent
7

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA
                   FOR THE COUNTY OF LOS ANGELES
9

10                              Case No.: BA441591 (BH011621)

11                              REQUEST FOR EXTENSION OF TIME TO
    In re XAVIER DMITRI NAILING,    FILE INFORMAL RESPONSE
12
            On Habeas Corpus,
13

14     **TO THE HONORABLE WILLIAM C. RYAN, JUDGE, DEPARTMENT 100,**

15  **CENTRAL DISTRICT, AND TO PETITIONER, XAVIER DMITRI NAILING:**

16          The People of the State of California, real party in interest (Respondent) in the above-entitled

17  case, by their counsel, Jackie Lacey, District Attorney of Los Angeles County, hereby request that the

18  time for filing the informal response in this matter be extended to June 15, 2018.  This request is based

19  upon the attached Declaration of Deputy District Attorney Evelis De Garmo, the attached Points and

20  Authorities, and all records of this case on file with the court.

21  Dated:  April 12, 2018

22                              Respectfully submitted,

23                              JACKIE LACEY
                                District Attorney of Los Angeles County
24

25                              By:

26

27                              EVELIS DE GARMO
                                Deputy District Attorney
28                              Habeas Corpus Litigation Team

                                    1
                     REQUEST FOR EXTENSION OF TIME

1  JACKIE LACEY, District Attorney of Los Angeles County
2  EVELIS DE GARMO, State Bar No. 186,473
   Deputy District Attorney
3  Post-Conviction and Litigation Division
   Third Strike Resentencing Unit
4  320 West Temple Street, 540
5  Los Angeles, CA 90012
   562-247-2029
6  Attorneys for People and Respondent
7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                  FOR THE COUNTY OF LOS ANGELES
10        CLARA SHORTRIDGE FOLTZ CRIMINAL JUSTICE CENTER
11                     CRIMINAL WRITS CENTER

12  PEOPLE OF THE STATE OF CALIFORNIA        )    Case No. BA441591 (BH011621)
                                             )
13              Plaintiff and Respondent,    )
                                             )    **PROOF OF SERVICE FOR**
14        v.                                 )    **EXTENTION OF TIME**
                                             )
15  XAVIER NAILING,                          )
                                             )
16                                           )
              Defendant and Petitioner.      )
17  _____ )

18       TO THE HONORABLE WILLIAM C. RYAN, JUDGE, CJC WRITS, SUPERIOR
19  COURT OF THE STATE OF CALIFORNIA AND TO PETITIONER:
20

21       The undersigned declares under the penalty of perjury that the following is true and
22  correct: I am over eighteen years of age, not a party to the within cause, Xavier Nailing, and
23  I am employed in the Office of the District Attorney of Los Angeles County with offices at
24  320 W. Temple Street, Ste. 540, Los Angeles, California 90012. On the date of execution
25
26  below, I served the attached document: Request for Extension of Time, by depositing a true
27  copy thereof, enclosed in a sealed envelope with postage thereon fully prepaid, for
28

                                     6

collection in the United States mail by the County of Los Angeles, California, addressed as follows:

> XAVIER NAILING
> FACILITY D
> P.O. BOX 904
> AVENAL, CA 93204

Executed on _April 13_, 2018, at Los Angeles, California.

_Jacqueline Aceves_
Jacqueline Aceves

7

REQUEST FOR EXTENSION OF TIME

## DECLARATION OF EVELIS DE GARMO

1.    I am an attorney-at-law licensed to practice in all courts of the State of California and am employed as a Deputy District Attorney of the Habeas Corpus Litigation Team ("HABLIT") for the Los Angeles County District Attorney's Office (LADA).

2.    XAVIER DMITRI NAILING has filed a petition in the Los Angeles County Superior Court, Central District, Department 100.

3.    In order to respond to the Petition for Writ of Habeas Corpus, it will be necessary to secure copies of the District Attorney's file, the Court of Appeals records and opinion(s), Court and Reporter's Transcripts, Attorney General records and any additional documentation as may become relevant to this proceeding. Petitioner has raised a Credit Error claim. The requested date allows time for Respondent to order and receive the relevant court documents.

4.    I request an extension of time until June 15, 2018 to submit the informal response. If I am able to complete the informal response prior to this date, I will file the matter upon completion prior to June 15, 2018.

Executed on April 12, 2018, at Los Angeles, California.

EVELIS DE GARMO
Deputy District Attorney
Habeas Corpus Litigation Unit

3

REQUEST FOR EXTENSION OF TIME

Exhibit  C

STATE OF CALIFORNIA
Calculation Worksheet - Determinate (DSL)
CDCR 1897-U (08/17) Access Version

CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION
Worksheet No. _____ of _____
(use multiple worksheets for mixed credit codes)

## CALCULATION WORKSHEET -- *DETERMINATE (DSL)*

| A4 Legend - Vesting%: | A11 Legend - Earning%: | B7 Legend - Earning%: | |
|---|---|---|---|
| 15 = Divide by 5.66 | 15 = Divide by 6.66 | 15 = Divide by 6.66 | |
| 20 = Divide by 4 | 20 = Divide by 5 | 20 WG A1/A2/B/D1/M/U = Divide by 5 | 20 WG F = Divide by 2 |
| 33.3 = Divide by 2 | 33.3 = Divide by 3 | 33.3 WG A1/A2/B/D1/U Divide by 3 | 33.3 WG F = Divide by 3 then Multiply by 2 |
| 50 = Divide by 1 | 50 = Divide by 2 | 50 WG A1/A2/B/D1/U Divide by 2 | 50 WG F/M = Diide by 3 then Multiply by 2 |

### Section A - Original EPRD Calculation

Case Number(s): **BA441591**

This is the initial EPRD calculation that is done upon reception. Unless there is a change in work group, additional credits earned and/or credit losses, the EPRD remains throughout the term.

**Credit Earning % : 20**      **Vested Credit %: 20**

| | | | | | | |
|---|---|---|---|---|---|---|
| A1. Start Date | | 07/28/2017 | A7. Minus Day Before Start Date (Line A1) | - | 07/27/2017 |
| A2. Plus Time Imposed | + | 2 YRS 0 MO | A8. Equals Days to Serve | = | 484 |
| | = | 07/28/2019 | A9. Minus Dead Time (A5) | - | 0 |
| A3. Minus Pre & Post Sentence Credit | - 226 PRE | 17 PST | A10. Equals Days where credit may be applied | = | 484 |
| | = | 11/27/2018 | | | |
| A4. Minus Vested Credit Divide Line A3 PST Per A4 Legend Above | - | 4 | A11. CDCR Good Conduct Credit (GCC) Divide Line A10 Per A11 Legend (Round Down, PC2931 One-Third calculations, Round Up) | = | 96 |
| | = | 11/23/2018 | | | |
| A5. +Dead Time/-Merit Credit | + | 0 DT - 0 MC | | | |
| **A6. Equals Maximum Date** If change in work group, credit loss, Reeves, MCC etc., or Carry Over stop here and proceed to Section B. | | 11/23/2018 | A12. Maximum Date (Line A6) | | 11/23/2018 |
| | | | A13. - CDCR GCC (Line A11) | - | 96 |
| | | | **A14. Equals Original EPRD** | = | 08/19/2018 |


INMATE COPY

### Section B – Recalculation of EPRD (change in credit earning status, credit loss/credit restoration, etc.)

Accumulation of CDCR GCC for days previously earned and projected future credit. Record fractional amounts of credit (2 decimal pts.) apply whole amounts only;

| | | | | | |
|---|---|---|---|---|---|
| **B1. Maximum Date (Line A6)** | = | 11/23/2018 | **B9. Maximum Date (Line B1)** | | 11/23/2018 |
| B2. Minus CDCR GCC Earned Section D w/fractions or Section G (Line G9) | - | 0.25 | B10. Minus Total CDCR GCC (Line B8, Drop Decimals) | - | 96 |
| B3. Plus Net Credit Loss (E1) (Leave blank if PC2931 One-Third) | + | 0 | B11. Plus Net Credit Loss (E1) | + | |
| B4.Equals Current Release Date (CRD)* (PC2931 One-Third carry date to B15) | | 11/23/2018 | B12. Plus MCC Loss (E2) | + | |
| | | | B13. Plus RAC Loss (E3) | + | |
| B5. Minus Date Credit Applied Through (Section D only) | - | 07/28/2017 | B14. Plus Net Credit Loss (E4) | + | |
| B6. Equals Days Remaining To Serve as of date credit applied | = | 483 | B15. (B9 +/- B10 thru B14) | = | **8/19/2018** |
| Divide Line B6 Per B7 Legend Above to Project CDCR GCC | C-Earnings / WG ▶ = | 20-A1 | B16. Minus MCC (F1) | - | 28 |
| B7. Equals Projected GCC | = | 96.6 | B17. Plus MCC Loss (E5 or G10) | + | |
| Accumulate Fractional Credit | | | B18. Minus RAC (F2) | - | 0 |
| Line B2 0.25 (w/fractions) + Line B7 96.6 (w/fractions) | | | B19. Plus RAC Loss (E6 or G11) | + | |
| | | | B20. (B15 +/- B16 thru B19) | = | 07/22/2018 |
| | | | **(B9 or B20 Whichever is Earlier)** | | **7/22/2018** |
| | | | B21. Minus EMC (F3) | - | 0 |
| B8. Equals Total CDCR GCC | = | 96.85 | B22. Minus ECC (F4) | - | 0 |
| *The CRD is an intermediate date and may exceed the Maximum Date; however, the Adjusted EPRD cannot exceed the Maximum Date. | | | **B23. Equals Adjusted EPRD** | = | 7/22/2018 |

| CALCULATED BY (Name & Title) | | K. Bigoni, CCRA | DATE 12/28/2017 |
|---|---|---|---|
| INMATE'S NAME NAILING, XAVIER | | CDCR NUMBER BD7608    LOCATION ASP | |

Version 4.6.1.1

## Release Note

| Summary | Accommodations | Movement | Bed Inventory | ADA/EC History |

Generate Reports / Get Help / Report a Problem  Log Out

CDC # : [BD7608]  [Search]          CDC Number: BD7608, NAILING, XAVIER DIMITRI

## Summary

### Offender/Placement

| | |
|---|---|
| CDC #: | **BD7608** [Other] |
| Name: | **NAILING, XAVIER DIMITRI** |
| Institution: | **Wasco State Prison** |
| Bed Code: | **H 004 1000143UP** |
| Placement Score: | **19** |
| Custody Level: | |
| Housing Pgm: | **RC - Recept Ctr** |
| Housing Restrictions: | |
| Physical Limitations to Job/Other: | |

### Disability/Assistance

| | |
|---|---|
| DDP Code: | **NCF** |
| Effective Date: | **08/01/2017** |
| DPP Codes: | [History] |
| 1845 Date: | |
| MHSDS Code: | **CCCMS** |
| SLI: | |
| Primary Method: | |
| Alternate Method: | |
| Learning Disability: | |
| TABE Score: | **5.3** |
| TABE Date: | **09/01/2017** |
| Durable Medical Equipment: | [Info] |
| Last Accomm: | |
| Spoken Languages: | |

### Important Dates

| | |
|---|---|
| Pending Revocation: | **No** |
| Revocation Date: | |
| Date Received in CDCR: | **07/28/2017** |
| Last Return Date: | |
| Extended Stay Date: | **10/26/2017** |
| Extended Stay Privileges? | |
| Release Date: | **07/22/2018** |
| 120 Day Date: | **03/24/2018** |
| Next IDST Date: | |

### Work/Vocation/PIA

1

| | |
|---|---|
| Group Priv: | **U** |
| Group Work: | **U** |
| Start Date: | **09/11/2017** |
| Status: | **Voluntary** |
| Job Position: | **VA2.101.005** |
| Job Title: | **H VOLUNTARY - ABE II** |
| IWTIP Code: | **K** |
| IWTIP Description: | |
| Regular Day Off: | **SU, S** |
| Work Hours: | **0800-1600** |

## Accommodation History

No Accommodation Records Found.

BD7608   NAILING, XAVIER        LEGAL STATUS SUMMARY                                          Page 1 of 1

Inmate Name: NAILING, XAVIER D.          CDC #: BD7608                    DOB: 09/11/1969
                                                                          CCRA: D. Harrison
Facility: WSP-Facility H [WSP-H]         Housing: H 004 1-000143U         CCI: J. Actis
PC2933 Eligible: No                      MCC/RAC/EMC/ECC Eligible: Yes    PRCS Eligible: No

You have been committed to the CDCR to serve the following sentences.

### Sentencing Overview
Term Start Date: 07/28/2017          Total Term: 2y 0m 0d              Overall Max Date: 11/23/2018
Control Date: 07/22/2018             Control Date Type: EPRD
Time Served: 306 days                Time Remaining: 300 days          As of Date: 09/25/2017

### Other Parole Eligibility Dates
Non-Violent Parole Eligibility Date (NPED):
Second Strike Parole Eligibility Date (SPED):
Youth Offender Parole Eligibility Date (YPED):
Elderly Parole Eligibility Date (EPED): 12/26/2041

### Sentence Structure

| Cmt. | County | Sentence Date | Total Time Imposed | Status | Status Date |
|------|--------|---------------|--------------------|--------|-------------|
| DA | Los Angeles | 07/10/2017 | 2y  0m  0d | Imposed | 07/10/2017 |

#### Sentence Components (1 - 1 of 1)

| Cmp. | Count | County/Case # | Crime (Statute) | Offense | Offense Date | Time Imposed | Relationship to Cmt./Cmp. | Credit Rate | Pre-Snt Credit | Post-Snt Credit | Vested Credit |
|------|-------|---------------|-----------------|---------|--------------|--------------|---------------------------|-------------|----------------|-----------------|---------------|
| 001 | 01 | Los Angeles/ BA441591 | PC212.5(c)[02] | Robbery 2nd | 11/17/2015 | 2y 0m 0d | | 15%/20% Violent | 226 | 17 | 4 |

COMMENTS:
None

### Legal Mandates (1 - 1 of 1)

| Cmt./Cmp. | Mandate Type | Begin Date | Due Date | Status |
|-----------|--------------|------------|----------|--------|
| DA-001 | Notification Reqd - Violent Felon (PC3058.6) | 07/28/2017 | | Required |

### Dead Time

| Began | Ended | Days | Type |
|-------|-------|------|------|
| | No Rows Found | | |

### CDCR Credits Received/Lost (1 - 3 of 3)

| Entry Date | Effective Date | Type | Work Group | Duration (days) | Recd/Lost Days | Reason | Status | Qualifier |
|------------|----------------|------|------------|-----------------|----------------|--------|--------|-----------|
| 09/25/2017 | 09/22/2017 | Milestone Completion Credit (MCC) | | | 28 | School | Applied | Course # M010B07 |
| 08/03/2017 | 08/03/2017 | Work Group Change (done by Cls.) | U - Unclassified | 53 | | Classification Action | Applied | |
| 08/03/2017 | 07/28/2017 | Work Group Change (done by Cls.) | D1 - Administrative Segregation | 6 | | Classification Action | Applied | |

### Financial Obligations (1 - 2 of 2)

| Commitment | Court | Case Number | Account Type | Amount Ordered |
|------------|-------|-------------|--------------|----------------|
| DA | Los Angeles Co Superior Court-Los Angeles(Central) | BA441591 | Restitution Fine (PC 1202.4) | $350.00 |
| DA | Los Angeles Co Superior Court-Los Angeles(Central) | BA441591 | Restitution Fine (PC 1202.45) | $350.00 |

### Active Detainers/Notifications

| Date Placed | Type | Reason | Agency Name | Detainer/Case # | Offense |
|-------------|------|--------|-------------|-----------------|---------|
| | | | No Rows Found | | |

Legend: (The dates shown above are subject to change.)

Exhibit C

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**DEPT 100**

| | | | | |
|---|---|---|---|---|
| Date: | May 01, 2018 | | | |
| Honorable: | WILLIAM C. RYAN | Judge | S. KADOHATA | Deputy Clerk |
| | NONE | Bailiff | NONE | Reporter |

(Parties and Counsel checked if present)

BH011621
(L.A.S.C. Case No. BA441591)

In re,
XAVIER DMITRI NAILING,                    Counsel for Petitioner:

      Petitioner,

                                Counsel for Respondent:
On Habeas Corpus

Nature of Proceedings: ORDER RE: OBJECTION TO REQUEST FOR EXTENSION OF TIME

## IN CHAMBERS

Objection to Respondent's request for extension of time by Petitioner Xavier Dmitri Nailing, *pro se*. Respondent, the People of the State of California ("People"), represented by Deputy District Attorney Evelis De Garmo. Denied.

## BACKGROUND

On November 17, 2016, Petitioner pleaded guilty to second degree robbery (Pen. Code, § 211). The imposition of his sentence was suspended, and he was placed on formal probation for five years. One of the conditions of probation was that he serve 261 days in county jail. Petitioner was awarded credit for 261 days in custody consisting of 131 days actual custody and 130 days good time/work time.

On July 10, 2017, Petitioner admitted to a violation of probation. Probation was revoked and terminated, and Petitioner was sentenced to two years in state prison. Petitioner was given 226 days of custody credit, consisting of 197 actual days and 29 conduct days. It is unclear from the record why Petitioner was awarded fewer conduct credits at the time he was sentenced to state prison than at the time he was placed on probation.

On February 22, 2018, Petitioner filed a petition for writ of habeas corpus with this court, contending that he is entitled to additional presentence credits based on the fact that he was awarded 261 days of credit in 2016 when he was placed on probation, but was awarded only 226 days of credit when he received his prison sentence. On April 4, 2018, this court requested an informal response from Respondent addressing the issue of whether Petitioner is entitled to additional presentence credits towards his prison sentence. On April 13, 2018, Respondent requested an extension of time to file the informal response, citing the need to examine various transcripts and records, including some in the possession of the Court of Appeal and the Office of the Attorney General. On April 16, 2018, this court granted the extension of time to file the informal response up to and including June 15, 2018.

1

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**DEPT 100**

| | | | | |
|---|---|---|---|---|
| Date: | May 01, 2018 | | | |
| Honorable: | WILLIAM C. RYAN | Judge | S. KADOHATA | Deputy Clerk |
| | NONE | Bailiff | NONE | Reporter |

(Parties and Counsel checked if present)

BH011621
(L.A.S.C. Case No. BA441591)

In re,
XAVIER DMITRI NAILING,                    Counsel for Petitioner:

      Petitioner,

On Habeas Corpus                                   Counsel for Respondent:

          On April 23, 2018, Petitioner filed a "notice motion in amicus curiae" explaining that he received a copy of a subpoena duces tecum, and requesting an amended abstract of judgment reflecting a total of 332 days of presentence credits and 17 days of postsentence credits.  On April 24, 2018, Petitioner filed an objection to Respondent's request for an extension of time to file the informal response, alleging that he will be falsely imprisoned if he remains in custody beyond April 20, 2018.  The court considers both the objection and the motion in this order, as they both concern Petitioner's pending petition for writ of habeas corpus.

DISCUSSION

<u>Motion in Amicus Curiae</u>

          Petitioner states in his "motion in amicus curiae," that he is in receipt of a subpoena duces tecum for Robin Boccella and for records in possession of the California Department of Corrections and Rehabilitation ("CDCR"), for May 2, 2018, in Dept. 100.  Petitioner alleges that the subpoena states that the documents are "needed to determine if the defendant poses an unreasonable risk to public safety pursuant to a resentencing provided by Penal Code sect. 1170.126."  Petitioner alleges that the subpoena duces tecum is signed by Deputy District Attorney Brock Lunsford and that the requested items are needed for resentencing under Penal Code section 1170.126 ("Proposition 36").

          Petitioner has not petitioned for resentencing pursuant to Proposition 36.  Petitioner asserts, correctly, that he is not serving an indeterminate life term and therefore is not eligible for resentencing pursuant to Proposition 36.  Petitioner states: "It is unclear of the true intention of Brock Lunsford and Evelis De Garmo." (*Sic*.)  Although the court recently received documents from the CDCR in response to a subpoena duces tecum issued by Deputy District Attorney Brock Lunsford on behalf of Deputy District Attorney Evelis De Garmo, no mention is made of Proposition 36.  Petitioner has not included a copy of the subpoena he allegedly received.

          Petitioner's request for an amended abstract of judgment to correct presentence credits is successive, as his pending habeas petition concerns the calculation of his presentence credits.  (*In re Clark* (1993) 5 Cal.4th 750, 770, superseded by Proposition 66 on other grounds as stated in *Briggs v. Brown* (2017) 3 Cal.5th 808,

2

| |
|---|
| Minutes Entered |
| 05-01-18 |
| County Clerk |

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**DEPT 100**

| Date: | May 01, 2018 | | | |
|---|---|---|---|---|
| Honorable: | WILLIAM C. RYAN | Judge | S. KADOHATA | Deputy Clerk |
| | NONE | Bailiff | NONE | Reporter |

(Parties and Counsel checked if present)

BH011621
(L.A.S.C. Case No. BA441591)

In re,
XAVIER DMITRI NAILING,                    Counsel for Petitioner:

       Petitioner,

                                    Counsel for Respondent:

On Habeas Corpus

---

quoting *In re Horowitz* (1949) 33 Cal.2d 534, 546–547 ["petitioner cannot be allowed to present his reasons against the validity of the judgment against him piecemeal by successive proceedings for the same general purpose"].)  Successive petitions waste scarce judicial resources, requiring the court to repeatedly review the record in order to assess the merits of the petitioner's claims. (*Ibid.*)  Petitioner fails to justify the reason for his successive petition. (*In re Reno* (2012) 55 Cal.4th 428, 455; *In re Clark*, *supra*, at p. 798, fn. 35.)

Objection to Extension of Time

Petitioner objects to Respondent's request for an extension of time to file the informal response.  He asserts that he will be over-detained and subjected to false imprisonment if the extension is granted.  Petitioner contends that as of April 20, 2018, he is being over-detained.

Petitioner contends that he is entitled to 332 days of presentence credits.  Petitioner was sentenced to two years in state prison on July 10, 2017.  Even if Petitioner had been awarded 332 days of presentence credits, it is not clear that he would be over-detained as of June 15, 2018 (the day the informal response is currently due), much less as of April 20, 2018.

The court has requested an informal response on the issue of Petitioner's presentence credits. Respondent has a right to respond to the court's request.  In order to respond to the court's request, Respondent requires documents not currently in their possession.  An extension of time is required in this case in order to allow Respondent the time necessary to gather the documents needed to comply with the court's request for an informal response.

The informal response is currently due on June 15, 2018.  The court understands Petitioner's desire to resolve this matter as quickly as possible, and will entertain no further requests for extension of time to file the informal response.

3

| Minutes Entered |
|---|
| 05-01-18 |
| County Clerk |

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**DEPT 100**

| | | | | |
|---|---|---|---|---|
| Date: | May 01, 2018 | | | |
| Honorable: | WILLIAM C. RYAN | Judge | S. KADOHATA | Deputy Clerk |
| | NONE | Bailiff | NONE | Reporter |

(Parties and Counsel checked if present)

BH011621
(L.A.S.C. Case No. BA441591)

In re,
XAVIER DMITRI NAILING,                    Counsel for Petitioner:

     Petitioner,

On Habeas Corpus                          Counsel for Respondent:

## DISPOSITION

For all of the foregoing reasons, the objection to the request for extension of time and the "motion in amicus curiae" are DENIED.

The Clerk is ordered to serve a copy of this order upon Petitioner, and upon Deputy District Attorney Evelis De Garmo, as counsel for Respondent, the People of the State of California.

The court order is signed and filed this date.

A true copy of this minute order is sent via U.S. Mail to the following parties:

*Petitioner*
Xavier Dmitri Nailing, #BD7608
Facility D
P.O. Box 904
Avenal, CA 93204

*Respondent's Counsel*
Office of the District Attorney
Post-Conviction Litigation & Discovery Division
Habeas Corpus Litigation Team
320 W. Temple St., Rm. 540
Los Angeles, CA 90012
Attn: Evelis De Garmo, Deputy District Attorney

4

Minutes Entered
05-01-18
County Clerk



THE DOCUMENT TO WHICH THIS CERTIFICATE IS ATTACHED IS A FULL, TRUE
AND CORRECT COPY OF THE ORIGINAL ON FILE AND OF RECORD IN MY OFFICE.
SHERRI R. CARTER, EXECUTIVE OFFICER/CLERK OF THE SUPERIOR COURT OF
THE STATE OF CALIFORNIA FOR THE COUNTY OF LOS ANGELES.

Attested: _MAY 0 3 2018_____ BY: _____G. ALONZO_____ DEPUTY



Xavier Nailing B07608
410-2-2 up
P.O. Box 909
AVENAL, CA. 93204

LEGAL MAIL

Legal
Mail

LEGAL MAIL

MAY 17 2018

AVENAL STATE PRISON
MAILROOM

9114 9999 4431 3661 0895 27

UNITED STATES
POSTAL SERVICE®

USPS TRACKING #

Label 400 Jan. 2013
7690-16-000-7948

PRIORITY
★ MAIL ★

UNITED STATES
POSTAL SERVICE®

For Domestic Use Only

TRACKED
★ ★ ★
INSURED

Label 107R, July 2013

LEGAL MATERIAL

UNITED STATES DISTRICT COURT
OFFICE OF THE CLERK
U.S. COURTHOUSE, ROOM G8
LOS ANGELES, CA 90012

California Department of
Corrections and Rehab

CA DEPT OF CORR AND REHAB

neopost

US 1

T. Mdt                              5·16·18